**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JASON MORELL, | ) | |
|           Plaintiff, | ) | C.A. No. 22-278 Erie |
| | ) | |
|           v. | ) | District Judge Susan Paradise Baxter |
| | ) | |
| ERIE REGIONAL AIRPORT | ) | |
| AUTHORITY, | ) | |
|           Defendant. | ) | |

## MEMORANDUM OPINION

### I.     INTRODUCTION

#### A.     Relevant Procedural History

Plaintiff Jason Morell, a former K-9 police officer with Defendant Erie Regional Airport Authority, initiated the present action on September 29, 2022, by filing a complaint alleging that Defendant owes him unpaid overtime and other compensation for the home care services he provided for his K-9 partner during his employment with Defendant [ECF No. 1]. The complaint contains four counts: Count I is a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); Count II is a claim under Pennsylvania's Wage Payment and Collection Law, 43 Pa. C.S. § 260.1, *et seq.* ("WPCL"); Count III is a claim under the Pennsylvania Minimum Wage Act, 43 Pa. C.S. § 333.101, *et seq.* ("PMWA"); and Count IV is a claim of unjust enrichment.

On December 2, 2022, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) or, in the alternative, for a more specific pleading pursuant to Rule 12(e), asserting that Plaintiff has failed to state a claim upon which relief may be granted [ECF No. 3]. Plaintiff filed a memorandum of law in opposition to Defendant's motion on December 22, 2022 [ECF No. 6], in which Plaintiff agreed to voluntarily withdraw Counts II and III (Id. at p. 2 n.1), but opposed

Defendant's arguments for dismissal of Counts I and IV. Defendant subsequently filed a reply in support of its motion [ECF No. 10]. This matter is now ripe for consideration.

### B.    Relevant Factual History[1]

Defendant is a municipal authority that operates the Erie International Airport ("Airport") in Erie, Pennsylvania (ECF No. 1, at ¶ 5). Plaintiff was employed by Defendant as a K-9 police officer at the Airport from April 2003 until he submitted a letter of resignation on April 21, 2021 (Id. at ¶ 6). During his employment, Plaintiff worked with a K-9 partner named "Smoke," who was designated as an explosive ordinance detection K-9. (Id. at ¶¶ 7-8). In connection with his services as a police officer, Plaintiff worked with his K-9 partner and was responsible for all aspects of his care. (Id. at ¶¶ 14, 16). Because Defendant did not provide a kennel for K-9s, Smoke lived with and was cared for by Plaintiff in his provide home. (Id. at ¶ 15). Since the majority of Smoke's care tasks could not be completed while Plaintiff was on duty at the Airport, Plaintiff often spent off-duty time caring for the K-9. (Id. at ¶ 16).

While employed by Defendant, Plaintiff was a member of the General Teamsters Local Union number 397, which entered a Collective Bargaining Agreement with Defendant that became effective January 1, 2020 ("CBA"). (Id. at ¶ 10). The CBA provided for payment of overtime wages at the rate of one and one-half times an employee's hourly rate of pay for all work performed in excess of 40 hours in a single work week, and two times the employee's hourly rate of pay for all work performed in excess of 50 hours in any work week. (Id. at ¶ 12). Under the CBA, full-time K-9 police officers had a starting hourly rate of pay of $22.31 in 2020, and in 2021, the highest hourly rate of pay for K-9 officers was $25.23. (Id. at ¶ 13).

---

[1]
The Court accepts as true all well-pleaded allegations of the Complaint, as is required for purposes of determining Defendant's motion.

On or about January 31, 2019, Plaintiff sustained an injury in the course of his employment, but continued working until May 23, 2019, after which he underwent surgery for his injury and remained off work until he returned on March 3, 2021. (Id. at ¶ 17). During his time off work, Plaintiff received worker's compensation benefits and continued to house and care for Smoke at his home. (Id. at ¶ 20). Upon Plaintiff's return to work on March 3, 2021, Plaintiff received an elevated pay rate of $29.05 per hour pursuant to the terms of a return to work letter dated October 2, 2020, which Plaintiff received from Defendant. (Id. at ¶ 18). Plaintiff continued his employment with Defendant as a lieutenant police officer until his resignation from employment on April 21, 2021. (Id. at ¶ 19).

## II.   DISCUSSION

### A.   Count I – FLSA Claim

Plaintiff alleges that Defendant failed to properly compensate him for overtime for the at-home care of his K-9 police dog in violation of the FLSA. Defendant has moved to dismiss this claim based on two arguments: (1) Defendant argues that Plaintiff has failed to provide sufficient facts to support his claim, and (2) the CBA's provision of an increased wage to K-9 police officers bars Plaintiff's FLSA claim as a matter of law. These arguments will be addressed in reverse order.

#### 1.   "Reasonable Agreement" Exception to FLSA

Defendant contends that Plaintiff's FLSA claim is barred by the fact that the CBA provides for an increased wage to K-9 police officers. In particular, Defendant points to the CBA's wage scales, which provided for starting hourly pay rates of $ 22.31 in 2020 and $ 22.64 in 2021 for full-time K-9 police officers, as compared to the starting pay rates of $ 21.25

and $ 21.57, respectively, for non-K-9 officers. (ECF No. 4-1, CBA, at p. 55).[2] According to

Defendant, since Plaintiff's interests were represented and negotiated by the union, the CBA's

increased wage scale for K-9 police officers evidences Plaintiff's reasonable agreement to accept

the increased wages as compensation for the additional time he spent at his home caring for his

K-9 partner. As a result, Defendant argues that Plaintiff is precluded from asserting that he was

undercompensated for such time under the FLSA.

  As support for this argument, Defendant cites the Third Circuit Court's rationale in

Krause v. Manalapan Twp., 486 Fed. Appx. 310 (3d Cir. 2012). As in this case, the plaintiffs in

Krause were K-9 patrol officers who sought overtime wages under the FLSA for the off-duty

care of their K-9 police dogs. In that case, while plaintiffs were employed, the police department

proposed to pay plaintiffs four extra hours of comp time per week to compensate them for "the

care of the animals … involv[ing] work outside of their normal shift hours." Id. at 311. The

plaintiffs accepted this proposal and the terms were incorporated into the collective bargaining

agreement between the plaintiffs' union and the defendant township. Later, after they resigned,

the plaintiffs brought an action under the FLSA arguing that the four hours of comp time they

received each week was insufficient for the amount of time they actually spent caring for their

dogs while off duty. Id. The Third Circuit Court affirmed the trial court's grant of summary

judgment against the plaintiffs, finding that while the FLSA "generally requires that employers

provide overtime compensation when employees work over 40 hours during a week … an

---

  2

The CBA is attached as an exhibit to Defendant's brief in support of its motion to dismiss because Plaintiff
apparently intended to attach it as exhibit B to the complaint, but neglected to do so. Because Plaintiff references the
CBA in his complaint and intended to attach it as an exhibit, the terms thereof are appropriate for the Court to
consider in deciding Defendant's motion to dismiss. Mayer v. Belchick, 605 F.3d, 223, 230 (3d Cir. 2010) (in
deciding a motion to dismiss under Rule 12(b)(6), a court may consider exhibits attached to the complaint, matters
of public record, and undisputedly authentic documents, if the claims of the complaint are based upon such
documents).

exception allows employers and employees to reach a 'reasonable agreement' regarding the amount of compensation to be received for work performed at home," and that this "exception has been construed by the U.S. Department of Labor to cover K-9 police officers for the off-duty time they spend caring for their dog." Id. at 312, citing 29 C.F.R. § 785.23.

Here, Defendant argues that the CBA's provision of an increased wage to K-9 officers meets the "reasonable agreement" exception to the FLSA recognized by the Third Circuit in Krause, thus foreclosing Plaintiff's FLSA claim. However, Plaintiff counters that the exception does not apply to the facts of this case because, contrary to Krause, there "is no evidence or pled fact" in the present record indicating that a "reasonable agreement" was reached by the parties regarding the amount of compensation to be received by Plaintiff for his off-duty care of his K-9 partner (ECF No. 6, at p. 7). In particular, Plaintiff notes that there is nothing in this case indicating that the increased wage paid to K-9 police officers was intended to compensate them for the off-duty care of their police dogs, as opposed to, for instance, the additional training and/or additional skills required for the position (Id.). Thus, Plaintiff argues that, to apply the FLSA exception cited in Krause, "there must be a factual finding that the mere fact of an increased rate of pay for K-9 officers somehow constitutes a 'reasonable agreement' for at home K-9 care," and that "[s]uch a finding requires facts not yet in evidence." (Id. at p. 9). Plaintiff's point is well taken.

Because there is nothing in the present record specifying that the increased wages paid to Plaintiff, as a K-9 police officer, were intended to compensate him for the off-duty care of his K-9 partner, the Court is unable to conclude that the 'reasonable agreement' exception to the FLSA applies in this case without further factual development. Defendant's motion to dismiss Plaintiff's FLSA claim on this basis will, thus, be denied without prejudice.

2.      **Sufficiency of Plaintiff's Allegations**

Plaintiff claims that Defendant violated the FLSA by failing to compensate him for overtime for the home care of his K-9 police dog. (ECF No. 1, at ¶¶ 22-29). Defendant seeks to dismiss this claim, arguing that Plaintiff has failed "to sufficiently identify any alleged uncompensated overtime." (ECF No. 4, at p. 3).

"To recover overtime compensation under the FLSA, 'an employee must prove that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference.'" Davis v. Abington Memorial Hosp., 765 F.3d 236, 242 (3d Cir. 2014), quoting Davis v. Food Lion, 792 F.2d 1274, 1276 (4th Cir.1986).

As for the level of detail necessary to plead an FLSA overtime claim, the Third Circuit Court has adopted the "middle-ground approach" taken by the Second Circuit Court in Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013), which  held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a *given* workweek *as well as* some uncompensated time in excess of the [forty] hours.'" Davis, 765 F.3d at 242, quoting Lundy, 711 F.3d at 114 (emphases added in Davis). However, the Third Circuit was careful to note that,

> we do not hold that a plaintiff must identify the exact dates and times that [he] worked overtime. For instance, a plaintiff's claim that [he] "typically" worked forty hours per week, worked extra hours during such a forty-hour work week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty hour weeks, would suffice.

Davis, 765 F.3d at 243 (emphasis added). In other words, the Davis court noted that "a plaintiff must connect the dots between bare allegations of a "typical" forty-hour workweek and bare allegations of work completed outside of regularly scheduled shifts, so that the allegations

concerning a typical forty-hour week include an assertion that the employee worked additional hours during such a week." Id. at n. 7. See also McKinney v. Chester Cnty, 2021 WL 409975, at *3 (E.D. Pa. Feb. 5, 2021) (holding that plaintiff "must provide sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week").

Here, Defendant contends that Plaintiff's FLSA claim is deficient because he "has not identified a single workweek in which he had already worked forty hours and was not also compensated for overtime he worked in that same week." (ECF No. 10, at p. 3). Plaintiff counters that he has sufficiently alleged that he "regularly worked 40 hours per week" between March 3, 2021 and April 21, 2021, and that he also provided at home care for his K-9 police dog for which he was not compensated "*[d]uring the weeks in question.*" (ECF No. 6, Plaintiff's opposition, at p. 5, citing paragraphs 23 and 25 of the complaint). However, this is not what Plaintiff has alleged. Noticeably absent from the allegations cited by Plaintiff is any mention of the at-home care having taken place during any week in which he worked forty hours. This is a fatal flaw that renders his FLSA overtime claim implausible. See, e.g., Davis, 765 F.3d 236, 243 (affirming district court's dismissal of FLSA overtime claims because plaintiff failed to allege "she "typically" worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks"); McKinney, at *3 (finding that plaintiff failed to allege a plausible FLSA overtime claim because he did not allege that the hours for which he claimed overtime corresponded to weeks where he worked more than forty hours); Rosario v. First Student Mgmt. LLC, 247 F.Supp.3d 560, 566-67 (E.D. Pa. 2017) (dismissing FLSA overtime claim because the plaintiff "failed to allege a single workweek in which [he] worked forty hours

and w[as] also not compensated for [his] overtime"); <u>Ford-Greene v. NHS, Inc.</u>, 106 F.Supp.3d

590, 611 (E.D. Pa. 2015) (holding that an FLSA overtime claim was "fatally deficient" because

plaintiff did not "allege[] she worked extra "off the clock" hours in a particular week where she

had already worked forty hours prior to undertaking 'off the clock' work").

      Notwithstanding the foregoing, Rule 15(a)(2) of the Federal Rules of Civil Procedure

instructs courts to "freely give leave [to amend a complaint] when justice so requires," which

"certainly includes amendment to cure defective allegations." <u>Shifflett v. Korszniak</u>, 934 F.3d

356, 366 (3d Cir. 2019). Thus, Plaintiff's FLSA claim will be dismissed without prejudice to

Plaintiff's right to amend such claim to correct the deficiencies noted in this Memorandum, to

the extent he is able to allege facts sufficient to state a plausible claim for relief.

    **B.**     <u>**Unjust Enrichment**</u>

      Plaintiff alleges that "Defendant has been unjustly enriched at the expense of the Plaintiff

by failing to compensate him for the time that he incurred in caring for the K-9 that was utilized

at the Defendant's place of business." (ECF No. 1, at ¶ 44). Defendant moves to dismiss this

claim, asserting that it is preempted by the CBA and section 301 of the Labor Management

Relations Act ("LMRA") and, in the alternative, fails to provide sufficient allegations to support

a claim of unjust enrichment.

      To state a cognizable claim of unjust enrichment, a plaintiff must plead "(1) benefits

conferred on defendant by plaintiff, (2) appreciation of such benefits by defendant, and (3)

[defendant's] acceptance and retention of such benefits under such circumstances that it would

be inequitable for defendant to retain the benefit without payment of value." <u>McGuckin v.</u>

<u>Brandywine Realty Tr.</u>, 185 F.Supp.3d 600, 607 (E.D. Pa. 2016), <u>citing</u> <u>Styer v. Hugo</u>, 619 A.2d

347, 350 (Pa. Super. 1993), <u>aff'd</u> 535 Pa. 610 (1994). "Because unjust enrichment provides a

remedy in the absence of a contract, the quasi-contractual doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded on a written agreement or express contract." McGuckin, 185 F.Supp.3d at 607.

Here, Defendant argues that Plaintiff's unjust enrichment claim is preempted by § 301 of the LMRA because the claim is "'based squarely on the [CBA]'" between Defendant and Plaintiff's union and "require[s] interpretation" of the same. (ECF No. 4, at p. 10, quoting Townsend v. BC Nat. Chicken LLC, 2007 WL 442386, at *6 (E.D. Pa. Feb. 2, 2007)). Specifically, Defendant asserts that "the CBA explicitly addressed increased compensation due to K-9 officers, both in the rate of pay and the annual stipend, and therefore Plaintiff's claim is squarely within the CBA." (ECF No. 10, at p. 6). To the contrary, however, the CBA does not explicitly address whether the increased rate of pay provided to K-9 officers is intended to compensate them for the off-duty care of their K-9 police dogs. As noted earlier, the increased wage could just as easily be construed as compensation for the additional training and/or additional skills required for the position. So, it cannot be said with certainty that Plaintiff's unjust enrichment claim is "based squarely" on the CBA, without further evidentiary support.

Moreover, Rule 8(d)(2) of the Federal Rules of Civil Procedure expressly authorizes parties to plead claims in the alternative. Hively v. Allis-Chalmers Energy, Inc., 2013 WL 2557629, at *3 (W.D. Pa. June 10, 2013). In particular, as Plaintiff notes, Rule 8(d)(2) allows a plaintiff to plead unjust enrichment in the alternative, even with the existence of a contract, if either (i) the contract at issue covers only a part of the relationship between the parties, or (ii) the existence of a contract is uncertain or its validity is disputed by the parties. Vantage Learning (USA) LLC v. Edgenuity, Inc., 246 F.Supp.3d 1097, 1100 (E.D. Pa. 2017). Thus, the Court will

deny Defendant's motion to dismiss Plaintiff's unjust enrichment claim on the basis of preemption at this early stage of the proceeding.

 Nonetheless, as with the FLSA claim, the Court finds that the Plaintiff's unjust enrichment claim fails due to a lack of specificity. In particular, as Defendant notes, "Plaintiff's claim fails to identify any time worked for which he was not compensated adequately according to the CBA," because he has not established that he is owed overtime compensation for any particular period of time. Thus, as with the FLSA claim, Plaintiff's unjust enrichment claim will be dismissed, without prejudice to Plaintiff's right to amend such claim to correct the deficiencies previously noted in this Memorandum.

 An appropriate Order follows.